JOHN J. O'BRIEN, Respondent, v. J. C. PENNEY COMPANY, a Corporation, and N. Clausen, Appellants.

(215 N. W. 268.)

**Brokers — in instant case evidence held to sustain verdict for broker's services.**

In an action to recover the reasonable value of services performed at the instance and request of the defendants, the record is examined, and for reasons stated in the opinion, it is *held:*

(a) That certain rulings on questions of evidence, even if erroneous, were not prejudicial.

(b) That the evidence is sufficient to sustain the verdict of the jury.

55 N. Dak.—52.

Opinion filed August 18, 1927. Rehearing denied October 13, 1927.

Agency, 2 C. J. § 204 p. 562 n. 81; p. 563 n. 90; § 487 p. 814 n. 1, 2; § 665 p. 925 n. 25; § 727 p. 956 n. 86. Appeal and Error, 4 C. J. § 2834 p. 853 n. 58; § 2952 n. 969 n. 56. Brokers, 9 C. J. § 127 p. 655 n. 43.

Appeal from the District Court of Walsh County, *Burr,* J.

From a judgment for the plaintiff and from an order denying their motion for judgment notwithstanding the verdict or for a new trial, the defendants appeal.

Affirmed.

*Cuthbert & Adamson,* for appellants.

*H. C. DePuy,* for respondent.

NUESSLE, J. This action was brought by the plaintiff to recover the value of services claimed to have been rendered by him for the defendants.

The plaintiff in his amended complaint alleged that in March, 1924, at the instance of the defendants he performed services for them in securing a location for the defendant Penney Company in the city of Grafton, and that such services were of the reasonable value of $100. The defendants, answering, denied generally the allegations of the complaint excepting only that the defendant Penney Company was a foreign corporation. The cause came on for trial before a jury. At the close of the plaintiff's case, and again at the close of the whole case, the defendants moved for a directed verdict on the ground that the plaintiff had failed to establish a cause of action against the defendants or either of them. These motions were denied. The jury returned a verdict for the plaintiff. Judgment was entered thereon. Thereafter the defendants moved for a new trial or for judgment notwithstanding the verdict. These motions were denied. Whereupon, the defendants appealed from the order entered accordingly.

On this appeal the only questions for consideration are as to the sufficiency of the evidence to sustain the verdict returned by the jury and the propriety of certain rulings respecting the admission of evidence. Without reciting the particulars regarding the rulings on evidence, we deem it sufficient to say that even if erroneous, nevertheless they were not of such a character as to be prejudicial.

In passing upon the question of the sufficiency of the evidence to sustain the verdict we must, of course, in view of the verdict, consider the evidence in the light most favorable to the plaintiff. We think that it may be said that the record establishes the following matters of fact: The defendant Clausen was the manager of the Penney Company store at Devils Lake. He owned a third interest therein and an interest in various other Penney Company stores. He had been employed by the Penney Company for thirteen years. On various occasions he had investigated and found locations for Penney stores in which he had or was to have an interest. In 1924 he went to Grafton with the idea of procuring a location for a store there in which he expected to have an interest. The plaintiff was engaged in the real estate business at Grafton. He bought and sold real property and leased property for others. Clausen went to the plaintiff's office, informed plaintiff who he was and of his mission in Grafton, and inquired if plaintiff had any property for rent such as would meet his requirements. He described the kind of a building that he required and plaintiff advised him that he had no such property available. Clausen was unable to find a suitable store building so he returned to Devils Lake. Later he came to Grafton again and saw the plaintiff. Plaintiff again told him he had no suitable property for rent but suggested that the Shannon property might be procured. Plaintiff and Clausen went to see the owner. Clausen tried to make arrangements to rent it but was unable to do so. Clausen then asked plaintiff to see if he could arrange to get the property. Plaintiff tried to do so but could not. On two other occasions Clausen came to Grafton on the same mission. On one of these occasions he saw plaintiff at his office and talked with him. After he had returned home following his fourth visit, plaintiff heard that the Chandler property was for rent. He at once called up Clausen by telephone and told him that he thought he had found a place which would meet Clausen's requirements. He then said that if Clausen came over and made the deal he wanted $100 for his services in helping him get a location. Clausen told him that this was too much. Plaintiff said, "If that is too much you need not come over." Clausen then said, "Don't look for anyone else for this building, I will see you Saturday." On Saturday Clausen came to Grafton. He went to see the plaintiff and asked where the building was and with whom he was to make the

deal. Plaintiff was unable to go with him at the time to look at the Chandler property but told him where it was and whose it was and told him to come back a little later and he would go with him. Clausen said he would but did not. Instead he went alone to the owner and after some dickering arrived at a tentative agreement to rent the property. This agreement was submitted to the defendant Penney Company which approved it, and the property was rented pursuant thereto. As a matter of fact plaintiff had never talked with Chandler about renting his property and only knew by hearsay that it was for rent. Plaintiff claimed compensation for the services thus rendered and when he was not paid brought this action.

Defendants on this appeal first contend that there never was at any time any contract between plaintiff and Clausen, and what was done by plaintiff was purely a voluntary and gratuitous service; that there was no agreement to pay him; that he was a real estate broker and, under the circumstances, was entitled to no commission on account of the leasing of the Chandler property. Defendants' theory is that the action is brought to recover a commission earned by the plaintiff as a broker. On the other hand, plaintiff contends that he was, impliedly at least, engaged to help Clausen find a suitable location; that he used his best efforts to do so; that Clausen knew that he expected compensation for what he was doing and, knowing this, accepted his services; that Clausen came to him after plaintiff had advised Clausen of the Chandler property, got information from him as to its description and ownership and then went and rented the property himself.

It seems to us that there is at least some evidence that might warrant a jury in finding, as they did, that there was an implied contract by reason of what was said and done between plaintiff and Clausen respecting the securing of a location; that the plaintiff did what he reasonably could in the premises with the expectation that he was to be compensated for his services in that behalf; that Clausen knew that the plaintiff expected to receive compensation, and with such knowledge availed himself of the plaintiff's services and thereby became bound to recompense him to the extent of the reasonable value of the same. Certain it is that when plaintiff called Clausen and told him of the Chandler property being for rent that plaintiff advised Clausen he expected compensation for his services. It is equally certain that having

this knowledge Clausen came to Grafton, went to the plaintiff, procured information as to the description and ownership of the property in question and thereafter rented the same. It is true that Clausen testified he had seen this particular property and intended to interview the owner with a view of renting the same; and it is also true that plaintiff had no list of the property and knew only by hearsay that it was for rent. On the other hand, plaintiff prior thereto had interested himself in Clausen's behalf, and had done what he could to secure a suitable building for him.

Defendants next contend that there is no competent evidence as to the value of any services that might have been performed by the plaintiff. Plaintiff himself testified that his services as thus performed were reasonably worth $100. This testimony was received without objection. No evidence was offered to the contrary. It seems to us that as the record stands there was some evidence on which the jury might base its verdict, and this being so, it is not possible for us to disturb their finding.

Defendants urge that even though the record will sustain the finding that there was a contract to perform services and the finding as to the value thereof, nevertheless there is no evidence to warrant a verdict as against the defendant Penney Company; that all of the dealings were between plaintiff and Clausen and that there is no evidence establishing that Clausen was the agent of the Penney Company with authority to bind the company for such services as were performed. So far as the record discloses plaintiff knew nothing of Clausen's relations with the Penney Company or his authority to act for them excepting as Clausen himself told the plaintiff. Plaintiff knew nothing of any prior employments of Clausen by the Penney Company at the time that the alleged services were performed. Thus it is clear that there is no question of ostensible agency in this case. See the statute, § 6324, Comp. Laws 1913; Bernard v. Madsen, 52 N. D. 822, 204 N. W. 196. So if the facts as disclosed do not establish an actual agency with authority, express or implied, to bind the Penney Company, then the plaintiff cannot recover as against the company. Plaintiff was informed of course, by Clausen that he was seeking a location for the Penney Company store. So he knew that so far as the company was concerned Clausen could be only an agent. He was charged

with knowledge that he dealt with Clausen as an agent at his peril. If he dealt with him as an agent at all, he took the risk of Clausen's lack of authority. The burden is upon him to establish that authority if he is to recover against the company.

Now Clausen was the manager of the Penney Company store at Devils Lake. At different times prior to the transactions here in question Clausen had found locations for other Penney stores. In the instant case after he had dickered with Chandler and arrived at a tentative arrangement, he submitted this arrangement to the company for approval and the company ratified it. There is no testimony anywhere in the record on the part of either the company or Clausen in denial of Clausen's authority to act for the company. On the contrary, during the course of the trial it seems to have been conceded that Clausen had such authority. The defense was not that Clausen had no authority but that he had never entered into a contract with the plaintiff under which the plaintiff was entitled to compensation. When the motions for directed verdict were made the defendants did not urge in support thereof that agency had not been established. So we think, considering the whole record, that it cannot be said the plaintiff failed to establish authority on the part of Clausen to bind the Penney Company.

Defendants also urge that, in any event, the plaintiff cannot recover against the defendant Clausen since he dealt with Clausen merely as the agent of the Penney Company. We think, however, that the record sufficiently discloses that the plaintiff dealt with Clausen individually as well as in the character of agent. There is nothing to indicate that plaintiff dealt with him solely as an agent. In his complaint the plaintiff alleges that he performed the services in question for the defendant Clausen and the Penney Company. That plaintiff joined Clausen and the Penney Company as defendants in this suit would indicate that he believed he had performed services for both. The facts tend to warrant such a belief. It is undisputed that Clausen came to Grafton with the avowed purpose of finding a location for a store in which he would be interested jointly with the company. He was acting for himself as well as for the company in securing a location. When he arranged to rent the Chandler property he expected to have an interest in the store to be installed there. The fact that as things turned out he did not have an interest can make no difference in this respect.

We are of the opinion, for the reasons hereinbefore set out, that the evidence is sufficient to sustain the verdict as returned against both the defendants, and the judgment and order must be and are affirmed.

Birdzell, Ch. J., and Christianson and Burke, JJ., concur.

Mr. Justice Burr, being disqualified, did not participate.